UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT HARNISH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 17-11744-JGD |
| MARK E. CROOK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

April 17, 2018

DEIN, U.S.M.J.

### I. INTRODUCTION

The plaintiff, Robert Harnish, is a resident of Massachusetts. He has brought this action against Mark E. Crook, a resident of Rhode Island, claiming that he sustained severe personal injuries as a result of a boating accident that occurred on September 20, 2014. Harnish contends that he was operating his kayak off of the coast of Rhode Island when he was struck by a Boston Whaler being operated by Crook. Harnish has brought this action pursuant to the court's admiralty jurisdiction, 28 U.S.C. § 1333, alleging that Crook was negligent, among other related claims.

This matter is presently before the court on "Defendant Mark E. Crook's Motion to Dismiss Plaintiff's Complaint." (Docket No. 6). Therein, Crook seeks to dismiss the complaint against him pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. For the reasons detailed herein, the motion is ALLOWED.

## II.  STATEMENT OF FACTS

### Scope of the Record

"On a motion to dismiss for want of personal jurisdiction, the plaintiff ultimately bears the burden of persuading the court that jurisdiction exists."  Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 8 (1st Cir. 2009), and cases cited.  "When a district court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the 'prima facie' standard governs its determination."  United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001).  Under this standard, a plaintiff must "demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution."  Id. (citation omitted).  Thus, to meet his burden in this case, Harnish must "proffer evidence which, taken at face value, suffices to show all facts essential to personal jurisdiction."  Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016).  The court will "take the facts from the pleadings and whatever supplemental filings (such as affidavits) are contained in the record, giving credence to the plaintiff's version of genuinely contested facts."  Id.  It will "then add to the mix facts put forward by the defendants, to the extent that they are uncontradicted."  N. Laminate Sales, Inc. v. Davis, 403 F.3d 14, 24 (1st Cir. 2005) (quoting Mass. Sch. of Law v. ABA, 142 F.3d 26, 34 (1st Cir. 1998)).

In the instant case the record consists of the complaint and a copy of the registration for the Boston Whaler, which is attached to the defendant's Motion to Dismiss (Docket No. 6-2). The plaintiff has not submitted any additional facts relating to the issue of personal jurisdiction,

and in his opposition to the motion to dismiss he "takes no position" on whether this court has

jurisdiction over the Rhode Island defendant. (See Docket No. 12).

## Facts

The plaintiff, Harnish, is a resident of Gloucester, Massachusetts. (Complaint (Docket

No. 1) ("Compl.") ¶ 1). He owns and operates a 16 foot kayak. (Id.). The defendant, Crook, is a

resident of Narragansett, Rhode Island. (Id. ¶ 2). Crook owns and operates a 26 foot Boston

Whaler that is registered in Rhode Island. (Id.; Docket No. 6-2). The two boats collided on the

morning of September 20, 2014 in "international navigable water" off the coast of Rhode

Island. (Id. ¶¶ 3-4). The plaintiff sustained serious personal injuries. (Id. ¶ 4). There is no

evidence that the defendant has any contacts with Massachusetts.

## III. ANALYSIS

Since this is an admiralty case, "the personal jurisdiction analysis includes a twist not

present in diversity cases, although ultimately there is no practical difference in the way in

which the Court proceeds towards its determination." Zeus Projects Ltd. v. Perez y Cia. de P.R.,

Inc., 187 F.R.D. 23, 28 (D.P.R. 1999). Thus, "where a federal court's subject matter jurisdiction

is based on admiralty or a federal question," as in the instant case, "the court's jurisdiction over

parties is national in scope" and the Due Process Clause of the Fifth Amendment, and not the

Fourteenth Amendment, controls. Id.; see also Pike v. Clinton Fishpacking, Inc., 143 F. Supp. 2d

162, 166 (D. Mass. 2001). "Under the Fifth Amendment, a court may exercise general or

specific jurisdiction over an out-of-state defendant only if that defendant has 'certain minimum

contacts with [the forum state] such that the maintenance of the suit does not offend trade-

tional notions of fair play and substantial justice.'" Copia Commc'ns, LLC v. AMResorts, L.P., 812

F.3d 1, 4 (1st Cir. 2016) (quoting <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945)) (alteration in original; additional punctuation and citation omitted). Moreover, under both general and specific jurisdiction, "the defendant's contacts with the state must be purposeful." <u>Harlow v. Children's Hosp.</u>, 432 F.3d 50, 57 (1st Cir. 2005). Here, the plaintiff has not established that the defendant had any contacts with Massachusetts.[1]

"For general jurisdiction, in which the cause of action may be unrelated to the defendant's contacts, the defendant must have continuous and systematic contacts with the state." <u>Id.</u> As noted above, there is no evidence that the defendant had any contacts with Massachusetts, much less "continuous and systematic" contacts. Consequently, there is no general jurisdiction over Crook.

For purposes of the specific jurisdiction analysis, the First Circuit has "broken the minimum contacts analysis into three categories—relatedness, purposeful availment, and reasonableness[.]" <u>Adelson v. Hananel</u>, 510 F.3d 43, 49 (1st Cir. 2007). Thus, as the Court has explained:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

---

[1] Given the absence of any minimum contacts, and, hence, the inevitable conclusion that this court lacks personal jurisdiction over the defendant, an extended discussion is not warranted, and the court will eschew a detailed analysis of the finer points of the often complex law of personal jurisdiction.

Id. (citations omitted). "An affirmative finding on each of the three elements of the test is required to support a finding of specific jurisdiction." Phillips Exeter Acad. V. Howard Phillips Fund, Inc., 196 F.3d 284, 288 (1st Cir. 1999). Here, however, Harnish has not satisfied any of these elements.

Without belaboring the point, the accident took place in international waters off the coast of Rhode Island, Crook is a Rhode Island resident and his boat was registered in Rhode Island. Thus, the plaintiff's claim does not "arise out of, or relate to" activities in Massachusetts. Similarly, there are no facts to suggest that Crook "purposefully availed" himself of the privilege of conducting activities in Massachusetts — according to the record before the court he did not engage in any such activities in Massachusetts at all. Finally, the "Gestalt factors," which "bear upon the fairness of subjecting nonresidents to the authority of a foreign tribunal" and "serve[] the purpose of assisting courts to achieve substantial justice" compel the conclusion that this court should not exercise jurisdiction over the non-resident defendant who has no minimum contacts with Massachusetts. See Sawtelle v. Farrell, 70 F.3d 1381, 1394 (1st Cir. 1995) (citations omitted).

## IV. CONCLUSION

For all the reasons detailed herein, "Defendant Mark E. Crook's Motion to Dismiss Plaintiff's Complaint" (Docket No. 6) is ALLOWED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge